IN THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

**JOHN LOACH**  PLAINTIFF

vs.  CASE NO. 1:19-CV-351

**BOILERMAKER-BLACKSMITH NATIONAL
PENSION TRUST**  DEFENDANT

<u>**PLAINTIFF'S MOTION FOR JUDGMENT ON THE
ADMINSTRATIVE RECORD**</u>

NOW COMES, Plaintiff, **JOHN LOACH**, by and through counsel, Luther Oneal Sutter, **SUTTER & GILLHAM, P.L.L.C.**; and, for his Motion, he states:

1. Because the proof establishes by a preponderance of the evidence that Plaintiff is the plan participant's son, Plaintiff's claim for benefits should be granted. There is no competent proof that Plaintiff is not the plan participant's son. There is more than enough evidence to demonstrate that Plaintiff is the biological child of the Plan Participant by a preponderance of the evidence. John Loach never knew his biological father, Paul W. Petty. But, his mother did; and, his mother has submitted an Affidavit to defense counsel swearing that John Loach is the biological child of Paul W. Petty, deceased. DE 34; BNF 521. A DNA test contained within the Administrative Record, BNF 11**,** confirms that Plaintiff and Paul W. Petty's brother, Robert Leonard Petty, are related to a confidence in excess of 97%. There are no other children that has made a claim for the benefits. The DNA test show Plaintiff is related to the plan participant, and his mother has sworn the plan participant is Plaintiff's father. The Plan Administrator appears to require an Amended Birth Certificate. However, an Amended Birth Certificate cannot be obtained because the Plan Participant is deceased. And an exhumation to recover this small amount of benefits cannot be justified. Plaintiff is the only person who has come forward and claimed to be the plan participant's child. All other claims are now time-barred. The claimant seeking to clarify a right to benefits under the terms of the plan carries the burden of proof, and he must establish his entitlement by a preponderance of the evidence. *See Muniz v. Amec Const. Management, Inc.,* 623

F.3d 1290, 1294 (9th Cir.2010) (citing *Horton v. Reliance Standard Life Ins. Co.,* 141 F.3d 1038, 1040 (11th Cir.1998)). All claimants for benefits are required to submit "any information or proof reasonably required to determine his benefit rights." *Id.*, BNF 00222. No reasonable person could say Plaintiff has not met his burden of proof. It is not reasonable to require proof beyond a reasonable doubt.

    2. With respect to the Breach of Fiduciary Duty Claim contained in Count I, this Motion should be granted because the Plan Administrator has completely failed to administer the plan according to the terms of the plan and ERISA. Finally, Plaintiff seeks additional relief for breach of fiduciary duties. Plaintiff's counsel has repeatedly inquired with the Plan's lawyers about the burden of proof that Plan Administrator intends to apply, as well as what information is necessary to perfect any appeal. To date, as reflected in the Defendant's Motion and Brief at bar, the Defendant, and its lawyers, have talked past the Plaintiff and his counsel. The law appears to be clear; but, Defendant, and its counsel, will not confirm that the burden of proof is a preponderance of the evidence. And, other than the identifying an Amended Birth Certificate, now impossible to obtain, Defendant refuses to discuss what proof is necessary to perfect the appeal. Of course, Defendant's failure to provide Plaintiff with a timely notice, Defendant's failure to engage in a good faith, interactive, dialogue designed to produce an adequate Administrative Record, and the Defendant's refusal to identify the burden of proof that Plaintiff must meet, are ALL breaches of black letter ERISA law. Thus, the Court's ruling on this issue, and the requested relief, will benefit not only the Plaintiff but, also Plan participants, if a breach of fiduciary duty is shown. From failing to render a decision timely to refusing to provide the ERISA file to its lawyer refusing to identify the burden of proof, this record is rife with breaches of fiduciary duty. This Court should intervene.

3. Plaintiff does not seek a duplicative recovery. He brings this action alternatively, as allowed by Rule 8.

**WHEREFORE**, Plaintiff, **JOHN LOACH**, prays for an Order granting him benefits, for judgment finding a breach of fiduciary duty in the alternative, attorneys' and costs, and all other proper relief.

Respectfully Submitted,
**SUTTER & GILLHAM, P.L.L.C**.
Attorneys at Law
P.O. Box 2012
Benton, AR 72018
501-315-1910  Office
501-315-1916  Facsimile
Attorney for the Plaintiff

By: */s/ Luther Oneal Sutter*
    Luther Oneal Sutter, AR Bar No. 95031
    luther.sutterlaw@gmail.com
    *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been served on __15th__ day of June, 2020, upon counsel for Defendant, via ECF notification, as follows:

BRANSTETTER, STRANCH & JENNINGS, PLLC
Karla Campbell (BPR No. 027132)
karlac@bsjfirm.com


BLAKE & UHLIG, P.A.
Jordan L. Glasgow
jlg@blake-uhlig.com
Attorneys for Defendant

By: */s/ Luther Oneal Sutter*
    Luther Oneal Sutter, AR Bar No. 95031
    luthersutter.law@gmail.com