IN THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

**JOHN LOACH**                                                                  **PLAINTIFF**

vs.                      **CASE NO. 1:19-CV-351**

**BOILERMAKER-BLACKSMITH NATIONAL
PENSION TRUST**                                              **DEFENDANT**

<u>**PLAINTIFF'S BRIEF IN SUPPORT OF
MOTION FOR JUDGMENT ON THE
ADMINSTRATIVE RECORD**</u>

NOW COMES, Plaintiff, **JOHN LOACH**, by and through counsel, Luther Oneal Sutter, **SUTTER & GILLHAM, P.L.L.C.**; and, for his Brief, states:

**I.     PLAINTIFF'S CLAIM SHOULD BE DEEMED EXHAUSTED**

ERISA was enacted by Congress to establish procedural safeguards to ensure that fiduciaries such as LINA administer benefit plans "solely in the interest of the participants and beneficiaries." 29 U.S.C. §§ 1104(a)(1) and 1001(b). Under ERISA, the Secretary of Labor is given authority by Congress to enact regulations and set deadlines for the administration of employee benefit claims. 29 U.S.C. §§ 1133 and 1135. Those rules and regulations are contained in 29 C.F.R. 2560.503–1, titled "Claims procedure."

Relevant to this case are the regulations requiring a benefits determination on appeal to be made within a certain time. 29 C.F.R. § 2560.503–1(i)(4). (1) In general. Except as provided in paragraphs (f)(2) and (f)(3) of this section, if a claim is wholly or partially denied, the plan administrator shall notify the claimant, in accordance with paragraph (g) of this section, of the plan's adverse benefit determination within a reasonable period of time, but not later than 90 days after receipt of the claim by the plan, unless the plan administrator determines that special circumstances require an extension of time for processing the claim. If the plan administrator determines that an extension of time for processing is required, written notice of the extension

shall be furnished to the claimant prior to the termination of the initial 90–day period. In no event shall such extension exceed a period of 90 days from the end of such initial period. The extension notice shall indicate the special circumstances requiring an extension of time and the date by which the plan expects to render the benefit determination.

29 C.F.R. § 2560.503-1. Furthermore, the regulations require a plan administrator to notify the claimant, during the requisite time period, of, *inter alia,* the "specific reason or reasons for the adverse determination," and "the specific plan provision on which the benefit determination is based." 29 C.F.R. § 2560.503–1(j). Failure to follow these procedures is governed by 29 C.F.R. 2560.503–1(*l* ), which provides:

(1) **Failure to establish and follow reasonable claims procedures.** In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

Id. Here there is no dispute that Defendant made no timely decision on Loach's claim and did not timely notify Loach of any special circumstances requiring an extension. This Court should deem this claim exhausted.

## II. BREACH OF FIDUCIARY DUTY

ERISA has six remedial provisions. The remedial provisions relevant to this action are § 502(a)(1)(B) and § 502(a)(3), which state:

> (a) Persons empowered to bring a civil action
> A civil action may be brought—
> (1) by a participant or beneficiary—
> ...
> (B) to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights under the terms of the plan;
> ...
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a). In *Varity Corp. v. Howe,* 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996), the Supreme Court allowed a group of plaintiffs, who were unable to bring a claim under § 502(a)(1)(B), to bring suit for breach of fiduciary duty under § 502(a)(3). As the Court explained, § 502(a)(3) "functions as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." *Id.* at 513, 116 S.Ct. 1065. The *Varity* Court limited this expansion of ERISA coverage by noting that "where Congress elsewhere provided *adequate* relief for a beneficiary's *injury,* there will likely be *no need* for further equitable relief, in which case such relief normally would *not be appropriate.*" *Id.* at 515, 116 S.Ct. 1065 (emphasis added) (internal quotation marks omitted).

The *Varity* Court thus emphasized that ERISA remedies are concerned with the adequacy of relief to redress the claimant's injury, not the nature of the defendant's wrongdoing. *Varity* holds that equitable relief is not ordinarily appropriate where Congress has elsewhere provided adequate means of redress for a claimant's injury. In other words, a claimant cannot pursue a breach-of-fiduciary-duty claim under § 502(a)(3) based solely on an arbitrary and capricious denial of benefits where the § 502(a)(1)(B) remedy is adequate to make the claimant whole. Here, any benefits recovered by Loach, plus the prejudgment interest that *may* be awarded on remand, are inadequate to make him whole. Absent such a showing, there is no trigger for "further equitable relief" under *Varity.* The Sixth Circuit has applied *Varity* on the relationship between § 502(a)(1)(B) and § 502(a)(3) in *Wilkins v. Baptist Healthcare System, Inc.,* 150 F.3d 609 (6th Cir.1998). In *Wilkins,* Wilkins applied for long-term disability benefits and, after the plan administrator denied his claim, sued for benefits under § 502(a)(1)(B) and for equitable relief under § 502(a)(3) based on breach of fiduciary duty. The Court denied relief under § 502(a)(3) stating:

> Because [§ 502(a)(1)(B) ] provides a remedy for Wilkins's alleged injury that allows him to bring a lawsuit to challenge the Plan Administrator's denial of benefits to which he believes he is entitled, he does not have a right to a cause of action for breach of fiduciary duty pursuant to [§ 502(a)(3) ].

*Id.* at 615. But § 502(a)(1)(B) does not provide for injunctive relief regarding the general administration of the Plan. In this case, the administrative record, if one call it that, shows Defendant's complete disregard for even the most basic ERISA requirement. The most egregious examples include the Defendant's failure to render a timely decision, its requirement that Plaintiff meet a higher standard of proof than ERISA requires, and its refusal to assist Plaintiff in perfecting this appeal in the absence of this lawsuit.

In *Hill v. Blue Cross and Blue Shield of Michigan,* 409 F.3d 710 (6th Cir.2005), the Court discussed the interplay of § 502(a)(1)(B) and § 502(a)(3). In *Hill,* the plaintiffs brought a class-action lawsuit seeking individual relief for wrongfully denied benefits under § 502(a)(1)(B) and for plan-wide injunctive relief under § 502(a)(3) based upon the defendant's alleged breach of its fiduciary duty. The district court dismissed the § 502(a)(3) claim, finding that "these claims were merely repackaged claims for individual benefits and did not constitute actual fiduciary-duty claims." *Id.* at 717. The 6th Circuit reversed. Whereas *Wilkins* involved the rejection of fiduciary-duty claims on the basis that they were actually disguised individual-benefits claims, in *Hill* the need for relief under the catchall provision arose out of a defect in *plan-wide* claim handling procedures, implicating a different injury. *Rochow v. Life Ins. Co. of N. Am.,* 780 F.3d 364, 373 (6th Cir. 2015). "The award of benefits to a particular [plaintiff] based on an improperly denied claim for emergency-medical-treatment expenses will not change the fact that [defendant] is using an allegedly improper methodology for handling ... claims." *Id.* at 718. To remedy *this* separate and distinct injury, the Sixth Circuit permitted injunctive relief under § 502(a)(3), not an additional award of monetary damages for the same denial of benefits. Thus, *Hill* recognized an exception to *Varity* and *Wilkins* where "[o]nly *injunctive relief* of the type available under [§ 502(a)(3) would] provide the complete relief sought by Plaintiffs by requiring [Defendant] to alter the manner in which it administers all the Program's claims...." *Id.* at 718 (emphasis added). In *Hill,* as in *Varity,*

the primary purpose of ERISA was given effect—ensuring availability of an adequate remedy to make the plaintiffs whole. This is precisely the case here, since Defendant appears to ignore even the most basic ERISA tenets.

One example of Defendant's breach is the burden of proof. The Sixth Circuit has held that the plaintiff in an ERISA benefits case bears the burden at **all** times in proving entitlement to benefits as defined by the plan. *See Miller v. Metropolitan Life Ins. Co.,* 925 F.2d 979, 986 (6th Cir.1991). So, a plaintiff seeking disability benefits must prove by a preponderance of the evidence that he was "disabled," as that term is defined in the Plan. *See Tracy v. Pharmacia & Upjohn Absence Payment Plan,* 195 Fed.Appx. 511, 516 n. 4 (6th Cir.2006) (plaintiff bears the burden of proof in an ERISA benefits case); *Rose v. Hartford Fin. Servs. Grp., Inc.,* 268 Fed.Appx. 444, 452 (6th Cir.2008). Another example is the requirement that decisions be made timely and that the administrator explain what was necessary to perfect his appeal "in a manner calculated to be understood." 29 C.F.R. § 2560.503-1(g)(1). Importantly, suggesting the Plaintiff provide an amended birth certificate, after the putative father is dead, is tantamount to requiring Plaintiff to sprout wings and fly. Here, Plaintiff seeks equitable relief requiring the Defendant to administer the Plan in accordance with Plan documents and ERISA. Plaintiff is entitled to relief.

### III. PLAINITFF SHOULD BE AWARDED BENEFITS

Since the time for filing for benefits under this plan has run out, it appears the Defendant is battling to retain the monies at issue for its own benefit. That is the only way to explain the flagrant procedural irregularities Defendant and its counsel have engaged in. Accordingly, Plaintiff does not concede that this Court should show any deference to any decision by the Defendant. Nonetheless, even under the most deferential standard, the facts in this case demonstrate by a preponderance of the evidence that Plaintiff is the child of the plan participant.

Because the proof establishes by a preponderance of the evidence that Plaintiff is the plan participant's son, Plaintiff's claim for benefits should be granted. There is no competent proof

that Plaintiff is not the plan participant's son. There is more than enough evidence to demonstrate that Plaintiff is the biological child of the Plan Participant by a preponderance of the evidence. John Loach never knew his biological father, Paul W. Petty. But, his mother did; and, his mother has submitted an Affidavit to defense counsel swearing that John Loach is the biological child of Paul W. Petty, deceased. DE 34; BNF 521. A DNA test contained within the Administrative Record, BNF 11, confirms that Plaintiff and Paul W. Petty's brother, Robert Leonard Petty, are related to a confidence in excess of 97%. There are no other children that has made a claim for the benefits. The DNA test show Plaintiff is related to the plan participant, and his mother has sworn the plan participant is Plaintiff's father. The Plan Administrator appears to require an Amended Birth Certificate. However, an Amended Birth Certificate cannot be obtained because the Plan Participant is deceased. And an exhumation to recover this small amount of benefits cannot be justified. Plaintiff is the only person who has come forward and claimed to be the plan participant's child. All other claims are now time-barred. The claimant seeking to clarify a right to benefits under the terms of the plan carries the burden of proof, and he must establish his entitlement by a preponderance of the evidence. *See Muniz v. Amec Const. Management, Inc.,* 623 F.3d 1290, 1294 (9th Cir.2010) (citing *Horton v. Reliance Standard Life Ins. Co.,* 141 F.3d 1038, 1040 (11th Cir.1998)). All claimants for benefits are required to submit "any information or proof reasonably required to determine his benefit rights." *Id.*, BNF 00222. No reasonable person could say Plaintiff has not met his burden of proof. It is not reasonable to require proof beyond a reasonable doubt. Nor is it reasonable for Defendant to require Plaintiff to exhume the body. And it is impossible to prove Plaintiff is the plan participant's only child.[1] But Plaintiff has prove he is a child of the plan participant. The Court should grant benefits.

Respectfully Submitted,<br>
**SUTTER & GILLHAM, P.L.L.C**.<br>
Attorneys at Law

---

[1] Given that the time for filing claims has expired, the existence of other children should not be a concern.

P.O. Box 2012
Benton, AR 72018
501-315-1910  Office
501-315-1916  Facsimile
Attorney for the Plaintiff

By: */s/ Luther Oneal Sutter*
Luther Oneal Sutter, AR Bar No. 95031
luther.sutterlaw@gmail.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been served on __15th___ day of June 15, 2020, upon counsel for Defendant, via ECF notification, as follows:

BRANSTETTER, STRANCH & JENNINGS, PLLC
Karla Campbell (BPR No. 027132)
karlac@bsjfirm.com


BLAKE & UHLIG, P.A.
Jordan L. Glasgow
jlg@blake-uhlig.com
Attorneys for Defendant

By: */s/ Luther Oneal Sutter*
Luther Oneal Sutter, AR Bar No. 95031
luthersutter.law@gmail.com